## GALVESTON TERM, 1887.

### JOHN N. HATCH v. ALLAN & SWARTZ.

(No. 2091.)

APPEAL from Calhoun County. Opinion by WILL-SON, J.

A. B. PETTICOLAS, counsel for appellant.

No counsel appeared for appellees.

§ 229. *Jurisdiction of county court where title to land is incidentally involved; case stated.* Appellant sued appellees in the county court to recover of them $500 damages for the alleged wrongful and malicious conversion by them of certain lumber. In his petition he alleges that he was the owner of a certain tract of land, setting out his title to said land; that he placed said lumber upon said land, intending to erect the same into a house thereon; that defendants wrongfully, maliciously, etc., seized said lumber and converted the same to their own use; that said lumber was of the value of $380, which he claims as his actual damages, and he prays judgment for said actual damages, and for $120 exemplary damages. He also alleged in his petition that appellees knew that said land belonged to him, but that they illegally, maliciously, etc., set up an unfounded claim thereto in themselves. Appellees demurred generally to the petition, which demurrer the court sustained and dismissed the suit. The demurrer was sustained upon the ground that the suit involved title to land, and that therefore the court did not have jurisdiction of the suit. *Held* error. The lumber was personal property. It had not been erected into a house, or otherwise attached to the land so as to constitute it a part of

the realty. The allegations in the petition concerning the ownership and title to the land we regard as matter of inducement merely, intended and necessary for no other purpose than to predicate thereon a claim for exemplary damages. Allegations of the attendant circumstances of aggravation, in a suit for damages actual and exemplary, do not give character to the suit. That which is claimed in the petition and prayer for relief must determine the character of the suit, and the court which has jurisdiction. That a question of title to land may incidentally arise in the suit will not deprive the county court of jurisdiction in a suit for damages. In this case, the plaintiff, under the allegations in his petition, showed a perfect right of action, no matter to whom the land upon which the trespass was committed belonged, nor does the question as to the title to the land affect his right of recovery except as matter of mitigation or aggravation of exemplary damages. This court has repeatedly held that in suits for damages the county court would not be deprived of jurisdiction because title to land was merely incidentally involved in such suits. [3 W. Con. Rep. § 82; 2 W. Con. Rep. §§ 433, 541, 568; W. & W. Con. Rep. §§ 579, 1131.]

January 29, 1887.         Reversed and remanded.